UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. ROATH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06CV1551 RWS |
| | ) | |
| MIKE KEMNA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Bruce A. Roath, a prisoner at the Crossroads Correctional Center (CCC), for leave to commence this action without prepayment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous

1

if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The petition**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a state court conviction. Alternatively, petitioner seeks relief pursuant to the All Writs Act. Liberally construing the petition, petitioner was denied habeas corpus relief pursuant to 28 U.S.C. § 2254 by the United States District Court, Western District of Missouri. Petitioner alleges that the Western District's order was procured through

fraud.  Petitioner now asks this Court to issue him a writ of habeas corpus to achieve his release from confinement.

## Discussion

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or alternatively for relief under the All Writs Act should be dismissed.

This is the second action that petitioner has initiated in this Court trying to sidestep the denial of habeas relief by the Western District of Missouri.  See Roath v. State of Missouri, No. 4:04cv48(TCM) (E.D. Mo.).  In that prior action, petitioner sought an order from this Court vacating the judgment of the Western District of Missouri in Roath v. Purkett, No. 4:94-CV-1052-DW (W.D. Mo.), denying petitioner a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Eighth Circuit Court of Appeals dismissed petitioner's appeal of the Western District's order.  Roath v. Purkett, No. 96-1823 (8th Cir. May 1, 1996).  The Eighth Circuit has also denied petitioner leave to file a second or successive habeas corpus petitions.  In re Roath, No. 00-2620 (8th Cir., Aug. 18, 2000); In re Roath, No. 00-3976 (8th Cir. May 4, 2001).  On October 8, 2004, Judge Dean Whipple, United States District Judge for the Western District of Missouri, entered an order directing the Clerk of Court for the Western District not to accept any pleadings concerning the habeas case and directing petitioner to address all future

pleadings to the Eighth Circuit Court of Appeals in the form of an application to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Based on the above, petitioner may not obtain habeas relief from this Court under § 2241, the All Writs Act, or any other provision of law.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall receive and file this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon this matter because the motion is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(E)(2)(b).

An appropriate order shall accompany this order and memorandum.

Dated this 29th day of March, 2007.

_____
**UNITED STATES DISTRICT JUDGE**